DECISION
Plaintiff appealed to this court seeking a reduction in the assessed value (AV) of her rental property for the 2007-08 tax year, and a reduction in the property taxes for that year. Plaintiff's primary concern is with her taxes. Defendant filed a Motion to Dismiss (motion), asserting that Plaintiff was not aggrieved as required under ORS 305.275
"because plaintiff has requested a reduction in maximum assessed value that is contrary to ORS 308.146." (Def's Mo at 1.)
The court held a hearing on the matter May 7, 2008. Plaintiff appeared on her own behalf. Defendant was represented by Barron Hartwell, an appraiser with the assessor's office. After hearing the parties' arguments, the court orally granted Defendant's motion. This decision explains the court's ruling.
 I. STATEMENT OF FACTS
The subject property is a four-plex built in 1997, and identified in the assessor's records as Account R239578. Plaintiff purchased the property in June 2007 for $403,000. The real market value (RMV) on the assessment and tax rolls as of January 1, 2007 (tax year 2007-08) was $404,220. The maximum assessed value (MAV) and AV were $271,800. The property taxes were $5,734.57. *Page 2 
There is a neighboring property — also a four-plex — built by the same builder five years after Plaintiff's four-plex was built (in 2002) that has a tax liability approximately $1,000 lower than the taxes on Plaintiff's property. The properties are essentially the same size and have the same floor plan. They are in the same code area. That property's RMV, as of January 1, 2007, is $430,370, which is $26,150 higher than Plaintiff's RMV. The AV, however, is $223,290, approximately $50,000 lower than Plaintiff's AV. The difference in the AVs of two properties accounts for the difference in taxes.
Plaintiff discovered the disparity in property taxes between the two properties and petitioned the county board of property tax appeals (board). The board sustained Plaintiff's values. Plaintiff appealed to this court, asserting that "it is unfair for me to pay almost $1000 more in property tax than my neighbor with similar property." (Ptf's Amended Compl at 1.) Plaintiff stated in a letter attached to her Amended Complaint that there should either be a reduction in her taxes or "the neighboring property should be paying the same [taxes as Plaintiff]."
 II. ANALYSIS
Plaintiff insists that it is unfair that her RMV is lower than the RMV of a nearly identical neighboring property, but her AV is higher, resulting in Plaintiff paying higher property taxes. Plaintiff believes there should not be such a "huge gap" in the AV of the two properties, and that either her AV should be reduced, or the neighboring property's AV increased.
As the court explained during the May 7, 2008, hearing, there is no legal authority that would allow the court to reduce Plaintiff's AV on the facts of this case. That is because AV is a mathematical calculation established under Measure 50 for the property's base year, and set thereafter according to the state's constitution and relevant statutes. *Page 3 
An overview of the key aspects of Measure 50 provides a helpful framework for an understanding of this case. In May 1997, the Oregon voters approved a referendum that radically altered Oregon's property tax system through an amendment to the state's constitution. Measure 50 established a new method for calculating AV through the concept of MAV, which in 1997 was 90 percent of the property's 1995 RMV on the rolls.See Or Const, Art XI, § 11(1)(a); Ellis v. Lorati, 14 OTR 525, 532
(1999) (Lorati) (noting the history of the adoption of Measure 50). Measure 50 is codified in ORS 308.146 to ORS 308.166.[1] Under Measure 50, AV is the lesser of the property's MAV or RMV. ORS 308.146(2). RMV is the most probable selling price of the property on the applicable assessment date. ORS 308.232; ORS 308.205. RMV moves with the market, and has, in the recent past, generally risen by considerably more than three percent annually. Finally, for the years subsequent to 1997, "the property's maximum assessed value shall not increase by more than three percent from the previous tax year." Or Const, Art XI, § 11(1)(b);see also ORS 308.146(1) and (2).
Plaintiff's property and the neighboring four-plex were both built after 1995. Under applicable statutes, improvements constructed after 1995 are added to the rolls by multiplying the market value of the improvement (often referred to as the exception RMV) by the ratio of average MAV over average RMV (known as the CPR) in the year the property is first added to the rolls. ORS 308.146(3) (providing an exception to the standard increase in MAV where there is "new property or new improvements to property"); ORS 308.149(5) (defining "new property" to include new construction); ORS 308.153(1) (providing for the calculation of MAV for new property). The product of that exercise generates an MAV for the new property. That number is added to *Page 4 
103 percent of the MAV of the existing property (in this case, the land) for the prior year. ORS 308.153.
Plaintiff's four-plex was built in 1997, and 1997 became the base year for determining the MAV of the newly-improved property based on the method outlined above. For subsequent years, Plaintiff's MAV increased by three percent, per ORS 308.146(1). Plaintiff's RMV has increased each year with the general rise in the real estate market. Because MAV has been less than RMV each year, AV has been based on MAV rather than RMV.See ORS 308.146(2) (providing that AV is the lesser of RMV or MAV).
Plaintiff is not challenging her RMV, which Defendant has set at about the amount Plaintiff paid for her property in 2007. Because AV is simply a mathematical calculation determined in accordance with the procedures explained above, the court cannot adjust the AV of a given property because it is higher than the AV of a similar property with a higher RMV. Plaintiff's concern in that regard pertains to uniformity. Measure 50 explicitly excepts itself from the uniformity requirements of Oregon's constitution. Subsection (18) of Article XI, section 11 (Measure 50) provides that "Section 32, Article I, and section 1, Article IX of this Constitution, shall not apply to this section." Those sections require uniformity.[2] As this court previously noted inLorati, MAV is an artificial and arbitrary number that, over time, will produce "various degrees of nonuniformity in the property tax system," which is why Measure 50 excuses itself from the uniformity requirements of the state's constitution. 14 OTR at 535. The same is true of AV in most cases, because AV is the same as MAV, and the distortions emanating from MAV carry over *Page 5 
into AV. Thus, Plaintiff's uniformity concerns cannot be addressed by the court. Uniformity does apply to RMV but, as stated above, Plaintiff is not appealing RMV.
 III. CONCLUSION
The court has considered Defendant's Motion to Dismiss and concludes the request should be granted because Plaintiff seeks a reduction in AV for the 2007-08 tax year without challenging the property's RMV, and such a unilateral reduction in AV is contrary to applicable law. Plaintiff's RMV on the tax rolls is nearly identical to her June 2007 purchase price, and AV is established by a statutory formula set out in ORS 308.146. There is no legal authority for reducing AV (or MAV) to provide for uniformity between similar properties. Now, therefore,
IT IS THE DECISION OF THIS COURT that Defendant's Motion to Dismiss is granted, and Plaintiff's request for a reduction in her property's AV for the 2007-08 tax year is denied because it is contrary to applicable law.
Dated this _____ day of May 2008.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date of theDecision or this Decision becomes final and cannot be changed.
 This document was signed by Magistrate Dan Robinson on May 30, 2008.The Court filed and entered this document on May 30, 2008.
[1] The court's references to the Oregon Revised Statutes (ORS) are to the 2005 version of law.
[2] Article I, section 32 provides in relevant part: "all taxation shall be uniform on the same class of subjects within the territorial limits of the authority levying the tax."
Article IX, section 1, provides: "The Legislative Assembly shall, and the people through the initiative may, provide by law uniform rules of assessment and taxation. All taxes shall be levied and collected under general laws operating uniformly throughout the State." *Page 1